**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALOMON BOUZAGLO,<br><br>    Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>    Respondent. | No. 14-73954<br><br>Agency No. A095-628-962<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2018[**]
Pasadena, California

Before: BERZON and BYBEE, Circuit Judges, and GLEASON,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

Salomon Bouzaglo petitions for review of a decision of the Board of Immigration Appeals (BIA), rejecting his claim of ineffective assistance of counsel and affirming the Immigration Judge's (IJ's) order of removal. Ineffective assistance of counsel claims require a showing of constitutionally deficient performance and prejudice, *i.e.*, that counsel's performance "*may* have affected the outcome of the proceedings." *Mohammed v. Gonzales*, 400 F.3d 785, 794 (9th Cir. 2005) (emphasis in original and internal quotation marks omitted). The analysis eschews "specific guidelines"—instead, it is a "context-dependent inquiry into whether the attorney acted with 'sufficient competence.'" *Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 921 (9th Cir. 2015) (quoting *Mohammed*, 400 F.3d at 793). Ineffectiveness and prejudice might be shown, for example, where a necessary application or appeal is not filed. *E.g.*, *Ray v. Gonzales*, 439 F.3d 582, 588–89 (9th Cir. 2006) (finding prejudice where BIA denied motion only due to the motion's untimeliness). But a claim of ineffective assistance fails, of course, if the petitioner had no "plausible grounds for relief" in the first instance. *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (internal quotation marks omitted).

Bouzaglo's primary argument is that prior counsel's failure to object to the admission of the French and German conviction papers amounted to ineffective assistance. He claims that this is the case, because the translators' affidavits do not

2

indicate who translated the documents, because the affidavits do not indicate which documents were translated, because there is no way to tell whether the documents were correctly translated, because the documents were not properly authenticated and thus cannot serve as authentic records of conviction, and because the Government cannot show that the Salomon Bouzaglo in the French and German conviction papers is the same man as Petitioner Bouzaglo here.

    We reject these arguments. As the BIA noted, the translators' names are identified in the affidavits, and Bouzaglo does not identify any portions of these documents that he contends are incorrectly translated. The affidavits appear standard and sufficient, and they identify the translated documents. Further, prior counsel *did* object to the consideration of these documents for other reasons, *i.e.*, that Bouzaglo did not receive a fair trial, and that the convictions do not qualify as crimes of moral turpitude. The IJ rejected these arguments.

    Moreover, prior counsel did not perform ineffectively by failing to argue that the conviction papers do not allow one to determine whether the European convict Bouzaglo is indeed the same man as Petitioner Bouzaglo. Although Bouzaglo now argues he is "factually innocent," and denies having "traffic[ked] any narcotics in France or Germany," he nonetheless already admitted to the

*convictions*, both in his 2003 application for adjustment of status, and in his papers submitted to the IJ.

Bouzaglo also argues that prior counsel's failure to apply for asylum, withholding of removal, and Convention Against Torture relief amounts to ineffective assistance of counsel. But Bouzaglo points to no "plausible grounds for [that] relief." *Rojas-Garcia*, 339 F.3d at 826 (internal quotation marks omitted). As the BIA correctly held, he has not established prima facie eligibility for such relief, because his fear of criminals bears no nexus to a protected ground, nor does it demonstrate an unwillingness of the respective foreign governments to assist him. *See Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010) (asylum and withholding of removal require a showing of persecution "committed by the government or forces the government is either unable or unwilling to control.") (internal quotation marks omitted).

We deny the petition for review.